UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE J. COMBS,

                    Petitioner,

v.

CLARK COUNTY PA,

                    Respondent.

No. C11-5884 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: December 16, 2011**

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the Coyote Ridge Corrections Center. He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. ECF No. 1. Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny the application.

## DISCUSSION

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku*

REPORT AND RECOMMENDATION - 1

*v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's application reflects that he is employed at CRCC and earns approximately $33.00 per month. ECF No. 1. The undersigned recognizes that the funds to which Petitioner has access may not be great. However, given the fact that a prisoner's basic needs are provided for while he is incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect Petitioner to pay that fee from those funds.

Assuming Petitioner pays the filing fee and proceeds with his petition, he has not named a proper respondent over whom this Court may exercise jurisdiction. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Combs is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. The Superintendent of the Coyote Ridge Corrections Center is Jeffrey A. Uttecht.

**CONCLUSION**

Because Petitioner appears to have sufficient funds to pay the filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Petitioner shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file

REPORT AND RECOMMENDATION - 2

objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed set this matter for consideration on **December 16, 2011**, as noted in the caption.

**DATED** this  29th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3