UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE J. COMBS,

                Petitioner,

    v.

JEFFREY A. UTTECHT,

                Respondent.

No. C11-5884 RBL/KLS

**ORDER DENYING MOTION TO VACATE**

Before the Court is Petitioner's Motion to Vacate. ECF No. 28. Having reviewed the motion, Respondent's response (ECF No. 29), and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

Petitioner Eddie J. Combs filed a habeas corpus petition in October 2011. ECF No. 1. On March 5, 2012, Respondent filed a motion to dismiss for lack of subject matter jurisdiction and statement of cause for filing a dispositive motion in lieu of an answer. ECF Nos. 26 and 27. Under separate Report and Recommendation, the undersigned is recommending that the motion to dismiss be granted because this Court lacks subject matter jurisdiction over Mr. Combs' habeas petition.

On March 7, 2012, Mr. Combs filed a "Motion to Vacate 09-104296-0/9A.44.10640.130 'Poisoned – Fruit' of Civil Violation Rights". ECF No. 28. While this motion is extremely confusing, the undersigned understands the motion to be a request that for a judgment in Mr. Combs' favor because he believes that the Respondent has not responded to his habeas petition. Mr. Combs also states that he has a 2005 § 1983 civil rights action that is pending. *See* ECF No.

ORDER - 1

28, at 1 and 3 (an action based on prosecuting attorney allegedly stacking charges and a "forced plea bargain" that was accomplished by "mis-use; abuse; and application of the state's power in violation of Combs constitutional, Civil-State; Federal and 14th/5 Due Process and Equal Protections Rights:…") *See id*. at 3. The motion to vacate also appears to allege a "poisoned fruit" as to Cause No. 09-104276-0. *See id.* at 3.

In his motion to dismiss, the Respondent argued that Mr. Combs' habeas petition should be dismissed with prejudice because his petition challenges the continuation of the requirement of sex offender registration. *See* ECF No. 26. Mr. Combs' sole habeas claim, that the sex offender registration requirement in his case should have expired, is a collateral consequence of his 1990 conviction for indecent liberties. Therefore, he is not "in custody" for federal habeas corpus purposes. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1997). Therefore, this Court lacks subject matter jurisdiction over his habeas petition, based on 28 U.S.C. § 2254 and the undersigned has recommended that Mr. Combs' habeas petition be dismissed with prejudice. Accordingly, the undersigned also recommends Mr. Combs' motion to vacate be denied.

It is **ORDERED:**

(1) Petitioner's Motion to Vacate (ECF No. 28) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DATED** this 18th day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2