UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE J. COMBS,

                Petitioner,

    v.

JEFFREY A. UTTECHT,

                Respondent.

No. C11-5884 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: May 11, 2012**

Petitioner Eddie J. Combs seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges that portion of his 1990 judgment and sentence that requires him to register as a sex offender. Respondent filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 26) and Statement of Cause for Filing a Dispositive Motion in Lieu of An Answer (ECF No. 27). Upon review, it is the Court's recommendation that Mr. Combs' petition be dismissed with prejudice because this Court lacks subject matter jurisdiction under 28 U.S.C. § 2254 over Mr. Combs' habeas petition.

**BACKGROUND**

**A.**     **Factual Background**

Mr. Combs was convicted in 1990 of one count of indecent liberties and was sentenced to 27 months confinement. ECF No. 26-1, Exh. 1. Mr. Combs' habeas petition reflects that he is challenging his judgment and sentence under Clark County Superior Court Cause No. 90-1-00329-9. ECF No. 17, at 1. Mr. Combs' habeas petition is extremely unclear and difficult to decipher. He appears to assert that he was required to register as a sex offender ("S.O.R.N."),

REPORT AND RECOMMENDATION - 1

but that the legal requirement that he register ends after 10 years if there is no disqualifying sex offense under RCW 9A.44 as a result of that conviction. ECF No. 17, at 2. Mr. Combs also asserts in his habeas petition that a petition to a superior court to be relieved of the duty to register as a sex offender must be granted under RAP 16.11(b) if the State fails to respond to the petition. *Id*.

Mr. Combs is currently in custody serving a sentence of 60 months and one day for Delivery of a Controlled Substance – Heroin that was imposed on August 31, 2010 by the Spokane County Superior Court. He was also convicted under the same judgment and sentence of one count of Possession of a Controlled Substance – Heroin, on which the court imposed a concurrent 24 month sentence. ECF No. 26-1, Exh. 2, at 4. Mr. Combs is not, however, challenging the 2010 judgment and sentence. Instead, he is challenging the requirement that he register as a sex offender, based on his 1990 judgment and sentence. ECF No. 17, at 1.

**B.     State Court Procedural History**

Mr. Combs filed a personal restraint petition in the Washington Court of Appeals, in which he appeared to raise the following grounds:

> #1      (A) That – Combs, (1985) No-new offense s/o (was) ex-post-facto (before) legislative changes 2002/2010 (to) no new crimes, (to) no-new convictions, on/after affective dates.
>
> #2      That – from (1985) to (2010) is 25 years with no-new offenses, (re.) S/O – under the 9A.44.100(f) meaning.
>
> #3      That – combination on ex-post-facto (and) legistlative [sic] on/after; (and) P.A. non Responsive/Reply to (1st) petition, was knowingly/willingly and intentionally, to predjuice," [sic] the petition of relief efforts, by combs.
>
> #4      That (2nd) petition of relief, should be granted by the P.A. and/or appellant.
>
> S/O registration after 25 – year

REPORT AND RECOMMENDATION - 2

> 1985 (to) 2002 to 2010 Legistlative [sic] (word) changed, from no new offense, to no new crimes, to no new connections, is ex-post-facto:
>
> > RCW 9A.44.100(F) – states, petition to Court can be made, if no-new offenses, after 15-years means s/o.
>
> That Petitioner did petition court but P/A didn't respond/reply.

ECF No. 26-1, Exh. 3.

On April 29, 2011, the Acting Chief Judge of the Washington Court of Appeals issued an order dismissing the petition. ECF No. 26-1, Exh. 4. Mr. Combs filed a motion for discretionary review in the Washington Supreme Court, in which he listed the following grounds:

1. No – Response to 1st petition.

2. 2nd – Petition to P.A. and Petition to appeal court.

3. Ex – post – facto (1985).

4. Motion/Request for hearing date.

5. Prejudice to petitioner due to no response to 1st petition.

6. Asking appeal court to grant petition on grounds of petitioner.

ECF No. 26-1, Exh. 5, at 3. The Washington Supreme Court Commissioner denied review. *Id.*, Exh. 6. Mr. Combs filed a motion to modify the Commissioner's ruling. *Id.*, Exh. 7. On September 26, 2011, the Chief Justice of the Washington Supreme Court issued an order denying Mr. Combs' motion to modify the Commissioner's ruling. *Id.*, Exh. 8.

On December 7, 2011, the Washington Court of Appeals issued a certificate of finality. ECF No. 26-1, Exh. 9.

## DISCUSSION

Respondent argues that Mr. Combs is not "in custody" for purposes of 28 U.S.C § 2254 based on the requirement that he register as a sex offender because a collateral consequence such as sex offender registration is not sufficient to place a person "in custody" for federal habeas corpus purposes. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1997). Therefore, because Mr. Combs in not "in custody" for purposes of 28 U.S.C. § 2254, this Court lacks subject matter jurisdiction over his habeas petition. The undersigned agrees.

The petitioner bears the burden of establishing subject matter jurisdiction. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). The Court has subject matter jurisdiction over a habeas corpus petition only where the petitioner is "in custody." 28 U.S.C. § 2254; *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488 (1989); *Feldman v. Perrill*, 902 F.2d 1445, 1447 (9th Cir. 1990); *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). "Custody" is commonly satisfied by confinement, but the "custody" requirement may be satisfied even though a petitioner is not incarcerated. For example, parole is custody because the "parole restrictions 'significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do.'" *Dow*, 995 F.2d at 923 (quoting *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351-52 (1973) (release on personal recognizance pending appeal). However, "[a] petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual

REPORT AND RECOMMENDATION - 4

'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. at 492. Although collateral consequences may prevent a habeas corpus petition from becoming moot, *see Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997), such collateral consequences are not sufficient to establish subject matter jurisdiction. *Lefkowitz v. Fair*, 816 F.2d 17, 19 (1st Cir. 1987). To show jurisdiction, the petitioner must show a significant restraint on liberty, not shared by members of the general public, that constitutes "custody" for purposes of 28 U.S.C. § 2254. *Dow*, 995 F.2d at 922-23.

Collateral consequences such fines, sex offender registration, and potential deportation, are not sufficient to place a person "in custody." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1997) (citing cases); *Resendiz v. Kovensky*, 416 F.3d 952, 956-60 (9th Cir. 2005); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (fine is not custody); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (same); *Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st. Cir. 1986) (fines and suspension of license not custody); *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970) (same).

The issue in *Williamson v. Gregoire* was whether a convicted child molester who had completed his sentence, but who was required to registered as a sex offender under state law, was "in custody" for purposes of federal habeas corpus. *See Williamson v. Gregoire*, 151, F.3d at 1182. The Ninth Circuit determined that "several factors persuade us that the Washington law [as to sex offender registration] is more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." *See id.*, 151 F.3d at 1183. The Ninth Circuit concluded in *Williamson* that:

> We hold that the Washington sex offender law does not place Williamson 'in custody' for purposes of federal habeas corpus. The district court, therefore,

REPORT AND RECOMMENDATION - 5

> lacked jurisdiction over Williamson's habeas petition. For this reason, the judgment of the district court denying the petition for habeas corpus is affirmed.

*See id.*, 151 F.3d at 1184-85.

Mr. Combs is challenging the continuance of the requirement of his 1990 judgment and sentence that he register as a sex offender. Because his claim that the sex offender registration requirement should have expired is a collateral consequence of his 1990 conviction for indecent liberties, he is not "in custody" for federal habeas corpus purposes. Accordingly, this Court lacks subject matter jurisdiction over his habeas petition, based on 28 U.S.C. § 2254, and his petition should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard and based on a thorough review of the record and analysis of the law in this case, this Court concludes that Mr. Combs is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **Dismissed with Prejudice for lack of subject matter jurisdiction.**

REPORT AND RECOMMENDATION - 6

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 11, 2012**, as noted in the caption.

**DATED** this  18th   day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7